The Honorable Gus Wingfield Auditor of State 230 State Capitol Little Rock, Arkansas 72201
Dear Mr. Wingfield:
This is in response to your request for an opinion on whether the City of Murfreesboro may legally spend city funds, approximately nine hundred dollars, for the purchase of apples, oranges, and candy to be passed out to children at an annual event called "Santa on the Square." Correspondence attached to your request indicates that the City purchases these items, which are bagged at the city's yearly Christmas potluck by volunteers, and then distributes them to approximately eight hundred children in the community at the annual "Santa on the Square" event. The correspondence attached to your request indicates that this question has been prompted by the legislative auditors at the Division of Legislative Audit.
It is my opinion that the answer to your question is in all likelihood "yes."
This office has previously opined, in a similar context, that certain expenditures of city funds were unlawful based upon the proscriptions of Arkansas Constitution, art. 12, § 5, various statutes, and the "public purpose doctrine." I will not reiterate in detail the legal principles applicable to such questions, but rather have attached the relevant opinions for your review. Suffice it to say that each case must be determined upon its own facts and a decision as to the legality of the expenditure made based upon those particular facts.
Expenditures which this office has opined are unlawful include: expenditures for Christmas, birthday, or other parties for city employees and family members; traveling expenses of municipal official's spouses; flowers, gifts and cards for city employees and families; Christmas presents (hams) for employees; employee picnics; and monetary payments to employees for long faithful service. See Ops. Att'y Gen. 91-410 and 94-317 (copies enclosed).
It is my opinion, however, that the expenditures about which your inquire are distinguishable from the expenditures above. Money is not being obtained or appropriated for any "corporation, association, institution or individual" under this set of facts. The goods distributed by the City of Murfreesboro inure primarily to the benefit of the public (at least the younger portion of the public), and not to city officials, employees, their families or other discrete individuals. In my opinion this state of facts does not run afoul of Arkansas Constitution, art. 12, § 5 which states that "No . . . city . . . shall become a stockholder in any company, association or corporation; or obtain orappropriate money for, or loan its credit to, any corporation, association, institution or individual." [Emphasis added.] Neither, in my opinion, do the facts you provide violate the "public purpose doctrine," which generally allows no expenditure "except in a clear case where it appears that the welfare of the community and its inhabitants is involved and direct benefit results to the public." McQuillin, Municipal Corporations
§ 12, 190. In my opinion, under the facts you have stated, the welfare of the community is involved, and direct benefits result to the public, (in this case the eight hundred or so children involved.) Cf. Bourland v.Pollack, 157 Ark. 538, 249 S.W. 360 (1923) (stating the support of "paupers" to be a public purpose).
It is therefore my opinion that the answer to your question is in all likelihood "yes."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh